**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DOROTHY GAINES and** | * | |
| **NICKO GAINES,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Civil Action No. ______** |
| | * | |
| **ANNE PLACE APARTMENT LTD,** | * | |
| **HOLLYHAND COMPANIES INC.,** | * | |
| **GWEN JACKSON, individually,** | * | |
| **DONNA BOMAR, individually, and** | * | |
| **LEE JOHNSON, individually,** | * | |
| | * | |
| **Defendants.** | * | |

## COMPLAINT

## I. INTRODUCTION

1. Plaintiffs Dorothy Gaines and Nicko Gaines bring this action under the Fair Housing Act, 42 U.S.C. § 3601 et seq., and 42 U.S.C. § 1981. Dorothy Gaines is an African-American woman with a disability who resided at 2287 Schillinger Road South, Apartment 203, Mobile, Alabama 36695 (the "Premises"), within Anne Place Apartments. Nicko Gaines is her grandson and long-term caregiver who lived with her at the Premises. Plaintiffs allege that Defendants engaged in a continuing course of discriminatory housing practices based on race and disability at the Premises. The conduct includes constant harassment, denial of a reasonable accommodation allowing Nicko Gaines to live in the unit as Dorothy Gaines's caregiver, a pretextual Notice of Termination of Tenancy on September 26, 2024, a racially and disability-

motivated eviction action filed November 19, 2024, and related retaliation and interference. The discriminatory practice terminated when Dorothy Gaines vacated the Premises on September 30, 2025.

## II. PARTIES

2. Plaintiff Dorothy Gaines is an African-American woman with a disability. She resided at 2287 Schillinger Road South, Apartment 203, Mobile, Alabama 36695 (the "Premises") within Anne Place Apartments from on or about September 24, 2010, until September 30, 2025.

3. Plaintiff Nicko Gaines is the grandson of Dorothy Gaines. He has served as her caregiver and has lived with her at the Premises for approximately 16 years. He is an African-American individual who was denied the ability to reside at the Premises as a reasonable accommodation for Dorothy Gaines's disability.

4. Defendant Anne Place Apartment LTD is the owner of Anne Place Apartments located at 2287 Schillinger Road South, Mobile, Alabama 36695, and was Dorothy Gaines's landlord for the Premises.

5. Defendant Hollyhand Companies Inc. is the management company that managed Anne Place Apartments during the relevant period and employed or directed the individual Defendants in the management and operation of the property.

6. Defendant Gwen Jackson is the on-site manager at Anne Place Apartments. She personally participated in the discriminatory and retaliatory conduct alleged herein,

including harassment of Dorothy Gaines at the Premises, involvement in the termination notice and eviction process, and related actions.

7. Defendant Donna Bomar is a manager with Hollyhand Companies Inc. She participated in the management of Anne Place Apartments and in the discriminatory conduct alleged herein, including authorization or involvement with the Notice of Termination concerning the Premises.

8. Defendant Lee Johnson is a manager with Hollyhand Companies Inc. He participated in the management of Anne Place Apartments and in the discriminatory conduct alleged herein.

9. At all times relevant, the individual Defendants were acting within the scope of their employment or agency with the entity Defendants, and the entity Defendants are liable for the acts of their agents and employees under principles of *respondeat superior* and direct liability for discriminatory housing practices at the Premises.

## III. JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because the claims arise under the Fair Housing Act and 42 U.S.C. § 1981.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Premises located at 2287 Schillinger Road South, Apartment 203, Mobile, Alabama 36695 are in Mobile County, Alabama, and a substantial part of the events giving rise to the claims occurred at the Premises in this District.

# IV. FACTUAL ALLEGATIONS

## A. The Lease and Tenancy at the Premises

12. Dorothy Gaines entered a lease for the Premises located at 2287 Schillinger Road South, Apartment 203, Mobile, Alabama 36695 on or about September 24, 2010. The tenancy was renewed over the years.

13. On or about June 27, 2024, the parties executed a Lease Renewal/Change Agreement continuing the tenancy for the Premises for a term beginning September 24, 2024, and ending August 31, 2025, at a monthly rent of $760.00.

## B. Dorothy Gaines's Disability and Need for a Caregiver

14. Dorothy Gaines is disabled due to a stroke that confines her to a wheelchair for her daily activities. She requires 24/7 assistance.

15. Plaintiff Nicko Gaines has served as her caregiver and lived with her at the Premises (2287 Schillinger Road South, Apartment 203, Mobile, Alabama 36695) for many years. Due to the limited square footage and storage in the apartment, boxes of medical supplies associated with her disability were necessarily visible in the unit.

16. On or about November 8, 2024, Andrew Felis, MD, confirmed Dorothy Gaines's disability, her confinement to a wheelchair, her need for 24/7 assistance, and that her grandson Nicko Gaines is her caregiver and has lived with her for 16 years at the Premises. The letter which was provided to the Defendants, noted that boxes of

medical supplies would be visible on routine inspections and that Dorothy Gaines had been accused of having additional tenants based on those storage boxes. It further documented that she was told she had to “get out” and had last month’s rent thrown at her during an inspection-related interaction at the Premises.

**C. Denial of Reasonable Accommodation**

17. Defendants denied the request (or otherwise refused) to allow Nicko Gaines to live at the Premises as a reasonable accommodation necessary to afford Dorothy Gaines an equal opportunity to use and enjoy the dwelling because of her disability.

18. Defendants treated the presence of medical-supply boxes and Nicko Gaines at the Premises as evidence of an “unauthorized occupant” rather than as a disability-related accommodation. This denial injured both Dorothy Gaines and Nicko Gaines.

**D. Harassment and Hostile Conduct at the Premises**

19. Dorothy Gaines was subjected to constant racially based harassment by on-site manager Gwen Jackson at the Premises because of her race and disability. Nicko Gaines was also subjected to interference and discriminatory treatment in connection with his role as caregiver and his residence at the Premises.

20. On or about November 5, 2024, the apartment manager entered Dorothy Gaines’s residence at the Premises, threw an envelope at her, and informed her that she was in abatement. This incident was reported to the Mobile Police Department (Case No. M2241100502). The synopsis of the report states: “COMPLAINANT’S

APARTMENT MANAGER ENTERED THE LISTED VICTIM'S RESIDENCE, THREW AN ENVELOPE AT HER, AND INFORMED HER SHE WAS IN ABATEMENT." This conduct is consistent with the doctor's letter describing rent being thrown at Dorothy Gaines and her being told she had to "get out."

21. Neighboring tenant Leslie Chester, a Caucasian woman who resided in Apartment 201 at the same Anne Place Apartments complex for approximately six years without her name being on the lease, observed the discriminatory treatment. Management (Gwen Jackson) performed quarterly inspections knowing Ms. Chester was living there and never required her to leave or add her to the lease. Ms. Chester heard management being rude and making smart remarks toward Dorothy Gaines. She further observed differential treatment, including instructions to one neighbor to remove a "Welcome" sign while Ms. Chester and her mother were never asked to remove theirs. Another neighbor, Loretta Williams, had to move due to harassment by management. At family events, management and maintenance spoke to Caucasian attendees but did not speak to anyone outside of that race. When Ms. Chester's mother passed, management acknowledged knowing Ms. Chester was not on the lease.

22. The harassment, the November 5, 2024 entry and throwing of the envelope at the Premises, the accusations of unauthorized occupancy, and the denial of the caregiver accommodation were motivated by Dorothy Gaines's race and disability

and by Nicko Gaines's race and his association with her. Defendants Donna Bomar and Lee Johnson, as managers with the management company, participated in or directed the policies and practices that resulted in this discriminatory treatment at the Premises.

**E. The September 26, 2024 Notice of Termination**

23. On or about September 26, 2024, Defendants, through Gwen Jackson and with involvement of Donna Bomar, served Dorothy Gaines with a "Notice to Tenant of Termination of Tenancy for Violation of Agreement" concerning the Premises at 2287 Schillinger Road South, Apartment 203, Mobile, Alabama 36695.

24. The Notice alleged, among other things, failure to maintain the unit in a clean and sanitary condition; failure to remove items and/or furniture that obstructed the exit from a bedroom window; allowing a person to live in the unit who was not on the lease; and that on or about September 23, 2024, the unit failed a scheduled annual inspection by the Mobile Housing Authority. These allegations were false.

25. The "unauthorized person" allegation was a pretext directed at Nicko Gaines in his role as caregiver at the Premises. In contrast, Defendants knowingly permitted a Caucasian occupant (Leslie Chester) to live in a neighboring unit for years without being on the lease and without enforcement. The Notice and the underlying inspection findings were pretextual and part of the discriminatory course of conduct based on race and disability.

**F. The Eviction Action**

26. On November 19, 2024, Defendants filed a Statement of Claim – Eviction/Unlawful Detainer against Dorothy Gaines in the District Court of Mobile County, Alabama, Case No. 02-DV-2024-904962.00, relying on the September 26, 2024 Notice of Termination and seeking possession of the Premises at 2287 Schillinger Road South, Apartment 203, Mobile, Alabama 36695.

27. The eviction action was motivated by Dorothy Gaines's race and disability and by the presence of Nicko Gaines as caregiver at the Premises. It constituted a discriminatory housing practice and was retaliatory in connection with the disability-related needs and the denial of the caregiver accommodation. The action injured both Plaintiffs.

28. Dorothy Gaines remained in the Premises after the eviction was filed. She vacated the Premises at 2287 Schillinger Road South, Apartment 203, Mobile, Alabama 36695 on September 30, 2025. The discriminatory housing practices terminated on that date.

29. After Dorothy Gaines vacated the Premises on September 30, 2025, Defendants moved to dismiss the eviction action without prejudice. The court granted the dismissal on or about October 27, 2025.

**G. Post-Move-Out Final Account Statement**

30. On or about November 10, 2025, Defendants issued a "Final account statement – Revised" for Unit 2-203 at the Premises. Although Dorothy Gaines vacated on September 30, 2025, the statement listed a move-out date of October 1, 2025, a move-out reason of "Evicted for non-compliance with community policies," a rent balance of $4,408.00, a $500.00 security deposit credit, additional charges of $85.00 (cleaning), $50.00 (sheetrock repairs), and $916.29 (legal fees), for a total claimed balance due of $4,959.29. This statement reflects Defendants' false characterization of the events that occurred while Dorothy Gaines resided at the Premises.

**H. HUD Complaint and Continuing Nature of the Discrimination**

31. On February 9, 2026, Dorothy Gaines, with the assistance of the Center for Fair Housing in Mobile Alabama, submitted a fair housing complaint to the U.S. Department of Housing and Urban Development concerning the Premises. The HUD intake confirmation reflects discrimination based on race and disability, identifies Gwen Jackson as the person who discriminated, and states that Dorothy Gaines was denied a caregiver needed for her disability and endured constant racial harassment from Gwen Jackson.

32. The denial of the caregiver accommodation at the Premises, the harassment by Gwen Jackson (including the November 5, 2024 incident at the Premises), the September 26, 2024 Notice of Termination, the November 19, 2024 eviction filing,

and the differential treatment of Caucasian occupants were part of a continuing discriminatory housing practice based on race and disability that injured both Dorothy Gaines and Nicko Gaines and that terminated on September 30, 2025, when Dorothy Gaines vacated the Premises. No discriminatory acts occurred after she moved out. The entity Defendants are liable for the acts of their agents, and the individual Defendants are liable for their personal participation in the discriminatory practices at the Premises.

33. As a direct and proximate result of Defendants' discriminatory and retaliatory conduct at the Premises, both Plaintiffs suffered emotional distress, inconvenience, loss of housing stability, denial of a necessary disability accommodation, economic harm, and other damages. Nicko Gaines was additionally injured by being denied the ability to reside at the Premises as caregiver.

## V. CLAIMS FOR RELIEF

### Count I – Fair Housing Act: Discrimination on the Basis of Race and Disability; Failure to Provide Reasonable Accommodation
***(42 U.S.C. §§ 3604(a), 3604(b), 3604(f), 3613)***

34. Defendants discriminated against Plaintiffs in the terms, conditions, or privileges of the rental of a dwelling at the Premises, and/or in the provision of services or facilities in connection therewith, because of race and disability, in violation of 42 U.S.C. §§ 3604(b) and 3604(f).

35. Defendants made housing unavailable to Plaintiffs at the Premises because of race and disability by issuing the pretextual Notice of Termination, prosecuting the eviction action, and denying Nicko Gaines the ability to reside at the Premises as caregiver, in violation of 42 U.S.C. §§ 3604(a) and 3604(f).

36. Defendants refused to make a reasonable accommodation—specifically, allowing Nicko Gaines to live with Dorothy Gaines as her 24/7 caregiver at the Premises—necessary to afford Dorothy Gaines an equal opportunity to use and enjoy the Premises because of her disability, in violation of 42 U.S.C. § 3604(f)(3)(B). This refusal injured both Plaintiffs.

37. The individual Defendants are liable for their personal participation in the discriminatory practices at the Premises. The entity Defendants are liable under principles of respondeat superior and for their own policies and practices.

38. Plaintiffs are entitled to actual damages, punitive damages, and reasonable attorney's fees and costs under 42 U.S.C. § 3613.

**Count II – Fair Housing Act: Retaliation / Interference / Harassment**
***(42 U.S.C. §§ 3617, 3613)***

39. Defendants, including through Gwen Jackson and with the participation or direction of Donna Bomar and Lee Johnson, coerced, intimidated, threatened, or interfered with Plaintiffs in the exercise or enjoyment of rights granted or protected by the Fair Housing Act at the Premises, subjected Dorothy Gaines to constant harassment (including entering her residence at the Premises, throwing an envelope

at her, and informing her she was in abatement), and retaliated against both Plaintiffs because of race and disability and in connection with the request for a caregiver accommodation.

40. Plaintiffs are entitled to damages and other relief under 42 U.S.C. §§ 3617 and 3613.

**Count III**
**Racial Discrimination in the Making and Enforcement of Contracts**
***(42 U.S.C. § 1981)***

41. Defendants intentionally discriminated against Plaintiffs on the basis of race in the making and enforcement of the lease for the Premises and in the terms of occupancy, including in the termination of the tenancy, the denial of the caregiver accommodation, the selective enforcement of occupancy rules, and the prosecution of the eviction. Comparator evidence includes Defendants' knowing tolerance of a Caucasian occupant (Leslie Chester) who lived in a neighboring unit at Anne Place Apartments for years without being on the lease.

42. Plaintiffs are entitled to damages under 42 U.S.C. § 1981.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, and request:

A. Compensatory damages in an amount to be determined at trial, including damages for emotional distress, inconvenience, loss of housing at the Premises, denial of reasonable accommodation, and economic harm, for both Dorothy Gaines and Nicko Gaines;

B. Punitive damages in an amount to be determined at trial;

C. Reasonable attorney's fees and costs pursuant to 42 U.S.C. §3613 and other applicable law;

D. Such other and further relief as the Court deems just and proper.

Respectfully submitted, this 19th day of November, 2026.

/s/ Kenneth James Lay
LAY LAW LLC
1117 22nd Street South
Birmingham, Alabama 35205
Tel: (205) 776-2051
Fax:(205) 776-2040
kenneth.j.lay@gmail.com
Attorney for Plaintiffs